## JONES et v BRENHOLTS et

Ohio Appeals, 2nd Dist, Franklin Co

No. 1925. Decided March 18, 1931

Hoover, Hedges & Tingley, Columbus, for Jones et.

Morton, Irvine, Blanchard & TouVelle, Columbus, for Brenholts et.

**HORNBECK, J.**

The fact that both the separation agreement and the deed of trust were signed and executed by the defendant under the circumstances in and of itself raised a strong presumption of a purpose to carry out the terms of the instrument. The instrument being in the possession of the individual whom it is admitted was acting for one of the beneficiaries, would in the absence of substantial proof to the contrary, be convincing that delivery was effected. The payment of the rental of the 99 year lease to the plaintiff and the conduct of the parties respecting the provisions of the trust deed and in conformity thereto indicate an intent on their part to abide by its provisions and is further evidence of delivery. The purpose to change the instrument in certain particulars is not wholly inconsistent with the theory of delivery, because it was probably considered by all who had any connection with the preparation of the instrument that if mutually agreeable and the rights of the children were not lessened a new one could be prepared, signed and made to take the place of the deed of July 1st, 1927. In the absence of complete accord as to modification the delivery of the original instrument would stand undisturbed. We are satisfied that there was a legal delivery of the trust deed of July 1st, 1927.

The second proposition advanced is that there should be rescission and cancellatoin of the trust deed because of mutual mistake of fact. The defendant claims that the deed is not in accord with the agreement of the parties in that the provision authorizing the trustee to sell the real estate and to reinvest the proceeds thereof, provides that the trustee shall consult with Marguerite Brenholts and any such investment should be approved in writing by her, and provides "in the event that the 99 year lease, renewable forever, now on said premises shall be declared forfeited for any reason and said premises shall become freed therefrom, then and in that event said

trustee shall have the power, by and with the written consent of Marguerite Brenholts, to sell or otherwise dispose of said premises at public or private sale, subject, however, to the written consent of said Marguerite Brenholts," and further provides "that such trustee shall have the power by and with the approval and consent in writing of the said Marguerite Brenholts to sell or otherwise dispose of at public or private sale for such price and upon such terms of credit or otherwise as it may see fit, any property or securities purchased with the proceeds from the sale of the aforesaid real estate." It is asserted that the defendant as well as the plaintiff was to be consulted by the trustee concerning the advisability of sale of the real estate, investment or reinvestment of funds.

The record supports the claim of the defendant that the trust deed does not completely represent the agreement as it was understood and as they thought it was carried into the instrument.

The testimony of the plaintiff supports that of the defendant to the effect that it was understood that the defendant was to have the right to be consulted by the trustee in connection with the plaintiff in determining sale of property, investment and reinvestment of funds. It does appear, that the defendant having examined the first rough draft of the trust deed and having opportunity to note its provisions which did not accord him the right to which he now insists, did not see fit to change the phraseology which may explain the variance. We therefore find that in the one particular to which we have directed attention the instrument does not conform to the mutual agreement between the parties. This, however, does not require revocation of the instrument, but it may be modified so that the defendant will be given the right of notice of any purpose by the trustee to sell the real estate under consideration or, to invest or reinvest funds in its hands and to be consulted as to the advisability of completing any of the proposed transactions.

We do not believe that the record requires that the defendant be given the power to prevent action by the trustee if consented to in writing by the plaintiff, but that the substance of the agreement between the parties will be fulfilled when the modification is made in accordance with the foregoing paragraph.

It is also claimed that the defendant at no time agreed to that provision in the deed of trust, which reads as follows:

"Upon the death of said Marguerite Brenholts said net income shall be distributed quarterly to the three children of Roy Brenholts and Marguerite Brenholts, to-wit, Virginia Ruth Brenholts, Barbara Brenholts and Alfred Roy Brenholts, share and share alike; provided, however, that the said Marguerite Brenholts shall have the power, should she die leaving a husband relict to, by will, devise to said husband relict for and during the period of his natural life or so long as he remains unmarried after the death of said Marguerite Brenholts all or any part of the net income from said property; and in the event that the said Marguerite Brenholts does so devise said net income from said property, then and in that event said income or such part thereof as she may devise shall be paid by said trustee to said husband relict· of Marguerite Brenholts quarterly, as hereinabove provided," etc.

It appears from the testimony that the title to the real estate under consideration was prior to making the trust deed, subject only to a deed which she made to her husband which was of doubtful validity, in the plaintiff.

It is undenied that when the parties went to the office of Mr. Hedges it was their understanding that the plaintiff was to have title to the real estate in fee. At that time the defendant was rated as a very well-to-do man financially, and with prospects of having material increases in financial resources in the future. The plaintiff owned much less comparatively. It was at the suggestion of Mr. Hedges that this title was put in trust, the effect of which was to very materially diminish the estate and rights which the plaintiff would have secured had the agreement been consummated as contemplated by the parties when they came to his office. It also appears that the children were in no wise to be dependent for future support upon the proceeds of the trust property.

In the light of this situation, and the express testimony of the plaintiff, Mr. Hedges and Mr. Tingley, together with the fact that defendant had opportunity to examine and modify the provision, if desired, and did not do so, we are convinced that the provision was carried into the trust deed in accord with the mutual agreement of the parties.

It is further claimed that the defendant was induced by fraudulent practices of Mr. Hedges to sign the separation agreement and trust deed.

Without discussing this contention at length, suffice to say that the proof on this claim fails. It may have been unfortunate that Mr. Hedges undertook to act for both of these parties, but it is obvious that he did so upon their insistence, and at a time when they felt that they were purposed to agree, and that he was the individual who could best assist them to compose any differences which did exist. A fair consideration of the record is convincing that the change of attitude of the defendant was brought about by events happening long subsequent to the execution of the trust deed and in a manner disconnected with it.

It is claimed by the defendant that the divorce decree was not submitted to him. In this there is direct conflict, Mr. Hedges testifying that he exhibited it to him before it was filed. Objection is made to the decree in that it failed to carry out the terms of the separation agreement whereby the defendant was to have the children at certain times, and that the decree awards the custody of the children to the plaintiff. The entry does not seem to seriously affect the defendant's rights as provided in the separation agreement. It is customary where the parties are to have the children with them for or about the same periods of time, and to have extended rights of visitation, to place the custody of the children in one or the other parent. Reference is made in the decree to the separation agreement, and there the rights of the parties are definitely set forth. No attempt has been made to modify the decree in its interpretation.

It reasonably appears that the trust deed as finally prepared was made up after the defendant had opportunity to examine it, and had made extensive interlineations and suggestions, which were carried into the completed deed. We are brought to this conclusion not only by consideration of Exhibits F and J, the testimony of Mr. Tingley, but particularly of Margaret Coos, who typed the deed of trust.

There is complete failure of proof of any motive that would have actuated Mr. Hedges to favor the plaintiff over the defendant at the time the trust deed was prepared and the provisions therein objected to are in no view of the matter so unfair to the defendant as to indicate a purpose to wrong him. On the contrary, all that Mr. Hedges did may well be reconciled with the purpose to be entirely fair to both parties. Developments after plaintiff secured her divorce and at the time when Mr. Hedges had taken a partisan position for plaintiff may naturally have caused defendant to look with suspicion on acts which had theretofore been done in good faith.

The finding and judgment will therefore

be for the plaintiffs, with the modification, if desired, required by this opinion.

ALLREAD, PJ and KUNKLE, J, concur.